O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL HUNT; MATTHEW DOWD,   )   Case No. CV 06-04691 DDP (SSx)
                             )
              Plaintiffs,    )   **ORDER GRANTING DEFENDANT'S MOTION**
                             )   **TO DISMISS**
     v.                      )
                             )
                             )
CITY OF LOS ANGELES, a       )   [Docket No. 195]
municipal corporation,       )
                             )
              Defendant.     )
_____)

Presently before the court is Defendant City of Los Angeles'
Motion to Dismiss Plaintiffs' Remaining Claims for Lack of Standing
and Mootness ("Motion").  Having reviewed the parties' moving
papers and heard oral argument, the court grants the Motion and
adopts the following Order.

**I.    BACKGROUND**

Plaintiffs Michael Hunt ("Hunt") and Matthew Dowd ("Dowd")
(collectively, "Plaintiffs") filed this action against Defendant
City of Los Angeles ("City") on July 27, 2006, challenging the
constitutionality of various Los Angeles Municipal Code ("LAMC")
sections that are no longer in effect.  The challenged ordinances

1   included two versions of LAMC § 42.15, as well as LAMC § 63.44.

2       On January 14, 2009, the court issued an order ("Order")

3   granting in part and denying in part Plaintiffs' and Defendant's

4   Cross-Motions for Summary Judgment.  Relevant here, the court held

5   that the 2004 version of § 42.15 was unconstitutionally vague.  The

6   court also expressly declined to address § 63.44 in the Order,

7   because Plaintiffs had asserted at oral argument that "their suit

8   center[ed] on" and they were "primarily challenging the two

9   versions of § 42.15." Hunt v. City of Los Angeles, 601 F. Supp. 2d

10  1158, 1160-61, 1161 n.1 (C.D. Cal. 2009).  The parties then

11  proceeded to a jury trial on damages, in February 2009.  The jury

12  returned a verdict in favor of Hunt for $264,286, and judgment was

13  entered on April 23, 2009.

14      In May 2009, the City appealed, and Plaintiffs cross-appealed,

15  the judgment to the Ninth Circuit.  On March 22, 2011, the Ninth

16  Circuit issued an opinion affirming this court's findings as to §

17  42.15.  The Circuit found, however, that Plaintiffs' assertions at

18  summary judgment did not establish an abandonment of their claims

19  as to § 63.44.  The Circuit therefore remanded for this court to

20  address § 63.44 in the first instance. See Hunt v. City of Los

21  Angeles, 638 F.3d 703, 718-19 (9th Cir. 2011).

22      On November 14, 2011, this court held a hearing on the remand

23  order, and provided the City until January 13, 2012 to file a

24  motion as to standing.  The City filed this Motion, asking the

25  court to dismiss Plaintiffs' § 63.44 claims for lack of standing

26  and mootness.  Plaintiff Dowd has since stipulated that all issues

27  in this case pertaining to him were resolved by the Ninth Circuit's

28  decision.  Plaintiff Hunt opposes the City's Motion, but agrees

1   that his only potential claim under § 63.44 is for damages, since

2   the ordinance was repealed in 2005 - before this action was filed.

3   **II.   DISCUSSION**

4       Based on the complete record, the court concludes that

5   Plaintiffs voluntarily abandoned any claim for damages under §

6   63.44 _after_ the summary judgment proceedings.   Contrary to

7   Plaintiff Hunt's contentions, the court never made any finding or

8   ruling as to abandonment.   Therefore, nothing precluded Plaintiffs

9   from bringing their § 63.44 claims before the jury.   Plaintiffs,

10   however, failed to do so.   Having elected not to proceed with these

11   claims, Plaintiffs cannot now revive them by demanding a second

12   trial - which would impermissibly allow Plaintiffs to split their

13   claims and seek overlapping damages.

14       To elaborate, the court made no finding or ruling as to

15   abandonment in its Order on summary judgment.   Instead, the court

16   simply declined to address § 63.44 in that Order, based on

17   Plaintiffs' representations.   See Hunt, 601 F. Supp. 2d at 1161 n.1

18   ("[A]t oral argument, Plaintiffs explained that they are primarily

19   challenging the two versions of § 42.15.   Accordingly, _this Order_

20   _does not address_ § 63.44."   (emphasis added)); _see also_ _id._ at

21   1160-61 ("Because Plaintiffs agreed at oral argument that their

22   suit centers on two versions of § 42.15, the Court _does not address_

23   the challenged provisions of LAMC 63.44(B)."   (emphasis added)).

24       Nor did the court make any finding or ruling as to abandonment

25   at the summary judgment hearing.   During oral argument, Plaintiffs

26   stated that they were arrested under § 42.15, but threatened under

27   both § 42.15 and § 63.44.   In response, the court stated that it

28   would need to review the sufficiency of Plaintiffs' declarations as

to the alleged threats.  Plaintiffs then insisted, however, that the focus of the case was really § 42.15.  Plaintiffs therefore asked the court to instead move forward and rule on § 42.15, so Plaintiffs could proceed with a jury trial on damages.  The court did not comment on Plaintiffs' representations, beyond confirming them with Plaintiffs.[1]

---

[1]  In full, the exchange was as follows:

PLAINTIFFS: Well, we have shown clearly in the sworn declarations of both plaintiffs, and as explained in their depositions taken by the City, Mr. Hunt was charged under 42.15 and arrested.  He was arrested on 24 occasions under 42.15.  Mr. Dowd was arrested under 42.15 on three occasions.  That is set forth in the sworn declarations submitted in this motion.
COURT: All were 24.52?
PLAINTIFFS: 42.15
COURT: I'm sorry, 42.15.
PLAINTIFFS: And Mr. -- both parties were threatened as well under 42.15 and 63.44.
COURT: When you say "threatened," against what specifically? That shows the statutes.  I have to go back and look at your declarations and see if you addressed those.
PLAINTIFFS: The focus of the case is 42.15.  It's crystal clear.
THE COURT: Your clients -- really the focus of their case is on 42.15?
PLAINTIFFS: Yes.
COURT: In terms of what they are seeking by way of damages?
PLAINTIFFS: Right.  And our goal today with now joint cross-motions to summary judgment is to say that on those constitutional defaults your Honor can issue a ruling that the statute is unconstitutional for all of the grounds that have now been laid out in our Motion and Opposition of the City's Motion.  We have a trial date of January 21st, if I recall correctly, and that's when we want to prove up damages based on those arrests and the other forms of damage that the plaintiff suffered. So my goal was to get, with a lot of effort and legal proceedings that both sides have gone through, get that declaration for prior restraint, lack of narrow tailoring, vagueness, all of those grounds that's fully set forth in our motion, get that declaration, and then we're only limited to a short trial in January on damages.  (Mot., Ex. 2 at 5-6.)

4

1    Because the court did not resolve Plaintiffs' § 63.44 claims

2    on summary judgment, the claims obviously remained in the case for

3    subsequent motions or trial.  Plaintiffs, however, never asked the

4    court to address § 63.44 - whether through a second motion for

5    summary judgment, motion for a ruling, or motion to reconsider.

6    Nor did Plaintiffs raise § 63.44 in any manner during their jury

7    trial.  Rather, the jury instructions and verdict form - prepared

8    jointly by the parties - addressed only a single ordinance: the

9    2004 version of § 42.15.  (See, e.g., Docket No. 173: Rep.'s Tr. of

10   Jury Trial Proceedings, Feb. 4, 2009 ("Trial Tr."), at 33-45 ("To

11   help you follow the evidence, I will give you a brief summary of

12   the positions of the parties.  In this case, plaintiff Michael Hunt

13   challenged a 2004 Los Angeles City Ordinance which regulated

14   vending on the Venice Beach Boardwalk.").  Likewise, Plaintiffs

15   repeatedly clarified during witness examination and at closing

16   argument that the case involved only § 42.15, and that all of

17   Plaintiffs' damages arose from that section.  (See, e.g., Trial Tr.

18   at 77 ("Everything that happened that has been a function of the

19   damage suffered by Mr. Hunt arose out of the Ordinance 4215 [sic]

20   which the Court has found to be unconstitutionally vague.").

21   In sum, because the court never made any finding or ruling as

22   to abandonment, Plaintiffs had every opportunity to proceed with

23   the § 63.44 claims alleged in their Complaint.  The record

24   establishes that Plaintiffs elected not to proceed with these

25   claims, and instead went forward with a full jury trial where they

26   addressed only § 42.15.  It was therefore entirely Plaintiffs'

27   decision - not the court's - to abandon their § 63.44 claims.

28   Further, to allow Plaintiffs to now move forward with a claim for

damages under § 63.44 would constitute impermissible claim
splitting.   Relatedly, Plaintiffs' prior evidence to the jury on
the arrests and other harm suffered did not distinguish at all
between the various LAMC sections.   A second damages award -
following a second trial on damages - would therefore doubly
compensate Plaintiffs for some, if not all, of the same harms.
Again, only damages are in dispute, since § 63.44 was suspended
before this action was filed.

**III. CONCLUSION**

       For all of these reasons, the court grants Defendant's Motion
and dismisses this action.


IT IS SO ORDERED.



Dated: March 7, 2012

                              DEAN D. PREGERSON
                              United States District Judge